UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH THOMPSON,

                Plaintiff,

      -against-

THE CITY OF NEW YORK,

                Defendant.

24-CV-5708 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), brings this action under 42 U.S.C. § 1983, alleging that New York City Police Department ("NYPD") officers violated his rights in 2016 when they arrested him.  By Order dated January 2, 2025, Chief Judge Laura Taylor Swain directed Plaintiff to show cause by written declaration why the complaint should not be dismissed under the applicable three-year statute of limitations.[1]  (ECF No. 5.)  On January 15, 2025, Plaintiff filed a declaration arguing that equitable tolling should be applied in this case.  (ECF No. 6.)

On August 4, 2025, the Clerk's Office reassigned this action to the undersigned.  The Court has reviewed Plaintiff's declaration and determined that his arguments do not support the finding that equitable tolling applies in this case.  Accordingly, the Court dismisses the action because Plaintiff did not file his complaint within the three-year statute of limitations for a Section 1983 action, and because equitable tolling does not apply here.

---

[1] In his declaration, Plaintiff refers to this Order as a motion for summary judgment filed by Defendants.  (ECF No. 6 at 1.)  However, this Order was issued by Chief Judge Swain under the screening provisions set forth in 28 U.S.C. § 1915(e)(2)(B).  The Defendants have not been served with a summons and complaint, and therefore, have not appeared in this action.

**DISCUSSION**

### A. Equitable Tolling

Plaintiff brings this action asserting a false arrest claim arising out of an incident that occurred in 2016. (ECF No. 1 at 5-6, 8-9.) Specifically, he alleges that NYPD Officer Gomez falsely arrested him. (*Id.* at 6.) He names as Defendants the NYPD, former Manhattan District Attorney Cyrus Vance, Jr., and two NYPD officers, Markeith Katlin and Eshwarie Mahedo. The Court dismissed the claims against the NYPD, District Attorney Vance, and Officers Katlin and Mahedo, and added the City of New York as a defendant, under Rule 21 of the Federal Rules of Civil Procedure. (ECF No. 5 at 1-2.) The Court determined that Plaintiff's false arrest claim was time-barred, but provided Plaintiff with the opportunity to show cause why the action against Officer Gomez warranted equitable tolling of the three-year statute of limitations. (*Id.* at 6-8.)

Plaintiff filed a declaration and listed in the caption the City of New York and Officers Gomez, Katlin, and Mahedo. (ECF No. 6 at 1.) Plaintiff argues that the doctrine of equitable tolling applies to his case because he has "diligently pursued justice, including seeking legal counsel and requesting evidence." (*Id.* at 4.) He further argues that "[t]he denial of access to critical records and the NYPD's lack of transparency have delayed my ability to proceed." (*Id.*) He contends that "[t]hese actions constitute extraordinary circumstances that warrant tolling the statute of limitations." (*Id.*)

Plaintiff's arguments fail to demonstrate that compelling circumstances warrant equitable tolling in this case. A district court may toll the limitation period under the doctrine of equitable tolling "to prevent inequity." *In re U.S. Lines, Inc*., 318 F.3d 432, 436 (2d Cir. 2003) (citations omitted). For example, the limitation period may be equitably tolled when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action. *See Pearl v.*

*City of Long Beach*, 296 F.3d 76, 82-83 (2d Cir. 2002). Plaintiff's argument that the NYPD denied him "access to critical records" does not support a finding that any defendant in this action concealed the fact that Plaintiff had a false arrest claim in 2016, at the time of his arrest. Indeed, Plaintiff knew that he had been arrested and, presumably, believed that the arrest was not authorized at that time. The NYPD's alleged failure to provide Plaintiff with information in its possession after Plaintiff's arrest does not suggest that any individual concealed from Plaintiff the fact that he could bring a false arrest claim within three years of his arrest.

Because the Court finds that Plaintiff's claims are barred under the statute of limitations, and that equitable tolling should not be applied in this case, the Court dismisses the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (a complaint that "show[s] that relief is barred by the applicable statute of limitations" is "subject to dismissal for failure to state a claim"); *Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) (same).

## B. State Law Claims

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted); *see also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (holding that once the district court has dismissed all claims over which it has original jurisdiction, "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court").

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### C. Leave to Amend Is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Plaintiff's claims are time-barred. Although the Court provided Plaintiff with an opportunity to address this deficiency, his declaration shows that equitable tolling should not apply. The Court therefore declines to grant Plaintiff leave to amend because the defects in Plaintiff's complaint cannot be cured with an amendment.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Plaintiff seeks to bring his claims against the City of New York, and Officers Gomez, Kaitlin, and Mahedo, the Court dismisses the claims against these Defendants also under Section 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:    August 13, 2025
          New York, New York

                                        /s/ Kimba M. Wood
                                        KIMBA M. WOOD
                                        United States District Judge